107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Billy John BATES, Petitioner-Appellant,
v.
Dale COPELAND; Attorney General for the State of Arizona,
Defendants-Appellees.
 No. 95-15137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 6, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Billy John Bates, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it denied his petition as procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm.
 
 
 3
 Even if Bates could establish cause and prejudice for the default of his speedy trial claim, we would reject Bates's speedy trial claim on its merits.
 
 
 4
 In order to determine whether a defendant has been denied his Sixth Amendment right to a speedy trial, a court weighs four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant timely asserted his speedy trial right; and (4) any prejudice resulting from the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972); see also Doggett v. United States, 505 U.S. 647, 655-56 (1992) (prejudice may be presumed depending upon length of, and reasons for, delay).
 
 
 5
 Bates bases his speedy trial claim upon the following timetable. On June 7, 1990, Bates was indicted on two counts, theft of property and armed robbery. On August 28, 1990, the trial court granted Bates's motion for severance of the counts. The jury subsequently acquitted Bates of armed robbery. Trial on theft of property count did not begin until April 11, 1991.
 
 
 6
 Bates contends that his right to a speedy trial was violated by the delay between severance of the counts on August 28, 1990 and trial on the theft of property count on April 11, 1991. Bates maintains that the "purpose for delaying the theft trial was to see if the State could obtain a conviction on the armed robbery charge and avoid the theft trial."
 
 
 7
 According to the record before us, virtually all of the continuances were requested by the defense. In any event, we are unconvinced that the reasons for any delay attributable to the State were improper or that Bates was prejudiced by any delay. Consequently, we reject his speedy trial claim. See Barker, 407 U.S. at 530-33 (five-year delay between arrest and trial did not violate speedy trial right); cf. Doggett, 505 U.S. at 655-56 (eight and one half-year delay between indictment and arrest presumptively prejudicial). To the extent that Bates argues that trial counsel waived Bates's speedy trial rights without his consent, we would reject Bates's ineffective assistance claim for lack of prejudice. See Strickland v. Washington, 466 U.S. 668, 692 (1984).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3